**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OMG, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 15-10426 |
| ) | |
| STARBORN INDUSTRIES, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff, OMG, Inc., by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against Starborn Industries, Inc. ("Defendant") and alleges as follows:

**PARTIES**

1.  Plaintiff OMG, Inc. ("OMG") is a corporation of the Commonwealth of Massachusetts with a principal place of business at 153 Bowles Road, Agawam, Massachusetts 01001.

2.  Upon information and belief, Defendant Starborn Industries, Inc. ("Starborn") is a corporation of the state of New Jersey, with a principal place of business at 45 Mayfield Avenue, Edison, NJ, 08837.

**JURISDICTION AND VENUE**

3.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over the Defendant because Defendant has purposefully availed itself of the privileges of conducting business in the Commonwealth of

Massachusetts and in this judicial district, and thus has enjoyed the privileges and protections of Massachusetts law, and OMG's causes of action arise directly from Defendant's business contacts in Massachusetts.  Upon information and belief, Defendant has committed infringement of U.S. Patent No. 7,367,768 ("the '768 Patent") in the Commonwealth of Massachusetts, in particular by directly infringing, contributing to direct infringement by others, and/or by inducing others to commit direct infringement of the '768 Patent in this Commonwealth.  Further, Defendant regularly transacts business in Massachusetts and has established distribution channels for its products in this Commonwealth.  For example, Defendant, directly and/or through intermediaries, ships, distributes, uses, sells, offers for sale, and/or advertises (including via the provision of an interactive web page) its products in and/or into the Commonwealth of Massachusetts and this judicial district.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b), and (c) and 1400(b).

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 7,367,768

6. The '768 Patent, titled "Deck Screw and Installation Method for Composite Lumber," issued on May 6, 2008.  A true and correct copy of the '768 Patent is attached hereto as Exhibit A and made part of this Complaint.  In general, the '768 Patent claims methods of fastening composite lumber to a base support.

7. Hubert T. McGovern and Tom Druschel are the named inventors of the inventions claimed in the '768 Patent.  OMG owns by assignment the entire right, title, and interest in and to the '768 Patent.

8. Defendant's products sold under the names "CAP-TOR" and "CAP-TOR xd" are screws for fastening composite lumber to a base support, these products individually or

collectively referred to herein as "Accused Products."  For example, Defendant's website states that "Cap-Tor / Cap-Tor xd is the only line of deck screws on the market designed specifically for capstock decking. . . . Cap-Tor screws also work equally well in traditional composites." Further, Defendant's product brochure for its Cap-Tor xd product states that "CAP-TOR xd screws are specifically designed to provide a clean, smooth and uniform finish in PVC and composite capstock decking."  Also, Defendant represents that the "quality and design of Cap-Tor / Cap-Tor xd screws for use in traditional composite decking materials is also superior to other brands."  Upon information and belief, the Accused Products, or screws indistinguishable therefrom, are also components of and/or sold with Defendant's "PRO PLUG SYSTEM" products.

9. OMG is informed and believes, and on that basis alleges, that use of Accused Products by customers and/or end-users for fastening composite lumber to a base support directly infringes one or more claims of the '768 Patent.  In this regard, Defendant maintains instructional and demonstrative videos on its website (www.starbornindustries.com/product-videos), one of which, entitled "Deck Expo 2011 – Product Demos," depicts an example of the manner in which customers and/or end-users use the Accused Products with composite decking. Such use constitutes direct infringement of the '768 Patent.

10. Upon information and belief, an agent and/or employee of Defendant is depicted in the "Deck Expo 2011 – Product Demos" video using the Accused Products for fastening composite lumber to a base support.  Thus, upon information and belief, Defendant has also directly infringed the '768 Patent.

11. OMG is informed and believes, and on that basis alleges, that Defendant has been and is inducing the direct infringement of the '768 Patent by at least, but not limited to,

customers and end-users of the Accused Products, who directly use the Accused Products for fastening composite lumber to a base support.

12.    Upon information and belief, Defendant has knowledge of the '768 Patent and knowledge that the acts of customers and/or end-users of the Accused Products constitute infringement of the '768 Patent.  Upon information and belief, Defendant monitors or causes its agents to monitor OMG's portfolio of patents and pending patent applications.  For example, on May 25, 2011, counsel for Defendant filed a Third Party Submission with the U.S. Patent and Trademark Office in OMG's Application Serial No. 12/150,135 (later issued as U.S. Patent No. 8,104,248).  Upon information and belief, Defendant has had knowledge of the '768 Patent and its claims prior to the instant lawsuit through at least such portfolio monitoring.

13.    Moreover, upon information and belief, on or about October 2, 2014, Paul Gertner, an employee of Defendant, contacted John Ashe, Vice President and General Manager of OMG's FastenMaster Division, regarding infringement of one or more OMG patents by Defendant and/or customers.  In particular, upon information and belief, customers had informed Defendant of their understanding that OMG planned to send a cease and desist letter to Defendant.  Upon information and belief, Mr. Gertner was concerned that OMG planned to send such a letter to Defendant and claim patent infringement.  Further, upon information and belief, during this conversation between Messrs. Gertner and Ashe, Mr. Gertner made it clear that Defendant had evaluated OMG's patents to determine whether Starborn products infringe.

14.    Furthermore, Defendant directly competes in the same market with OMG.  For example, the Accused Products directly compete with OMG's screws sold under the name TrapEase®.  Use of OMG's TrapEase® screws to fasten composite lumber to a base support falls within the scope of the claims of the '768 Patent.

15. Additionally, OMG is informed and believes, and on that basis alleges, that applicable requirements of 35 U.S.C. § 287 have been satisfied. For example, product packaging for OMG's products has been marked with the patent number of the '768 Patent.

16. OMG is informed and believes, and on that basis alleges, that Defendant has the specific intent to cause the acts of at least customers and/or end-users that constitute direct infringement of the '768 Patent. In particular, upon information and belief, Defendant has taken and is taking at least the following affirmative acts that induce direct infringement of the '768 Patent: (1) advertising in public and marketing the features, benefits, and availability of the Accused Products; (2) promoting the adoption and use of the Accused Products with composite decking; and (3) providing instructions on the use of the Accused Products.

17. Further, upon information and belief, Defendant intends that customers and/or end-users take the infringing acts. For example, Defendant maintains on its website (www.starbornindustries.com) a "Deck Fastener Information Center." The Deck Fastener Information Center is designed to instruct customers and/or end-users in selecting the "right deck screw." Through this tool, Defendant instructs consumers to use the Accused Products as fasteners for various types of composite decking. Defendant also provides "Applications/Usage Notes" on its website which instruct customers and/or end-users on the use of the Accused Products with composite decking in a way that causes direct infringement of the '768 Patent. In addition, as noted above, Defendant maintains product videos on its website that instruct customers and/or end-users on the use of the Accused Products with composite decking in a way that causes direct infringement of the '768 Patent.

18. OMG is informed and believes, and on that basis alleges, that Defendant has been and is contributing to the direct infringement of the '768 Patent by selling and/or offering to sell

the Accused Products to customers and/or end-users of the Accused Products, who directly use the Accused Products for fastening composite lumber to a base support.

19. As explained above, upon information and belief, customers and/or end-users of Defendant's Accused Products, among others, use the Accused Products with composite decking to commit acts of direct infringement of the '768 Patent. Use of the Accused Products constitutes a material part of the invention of the '768 Patent.

20. Upon information and belief, Defendant knew its product was especially made or especially adapted for use in infringement of the '768 Patent. As explained above, Defendant knew that use by customers and/or end-users of the Accused Products for fastening composite lumber to a base support constitutes a direct infringement of the '768 Patent. Defendant's website also states that the Accused Products are "specifically designed for capstock decking" and "also work equally well in traditional composites." Also, Defendant's product brochure for its Cap-Tor xd product states that "CAP-TOR xd screws are specifically designed to provide a clean, smooth and uniform finish in PVC and composite capstock decking." Further, Defendant's Deck Fastener Information Center assists customers and/or end-users in selecting fasteners designed for specific types of decking. The Deck Fastener Information Center instructs customers and/or end-users to use the Accused Products for composite decking.

21. The Accused Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses. As explained above, the Accused Products are specially adapted for use in directly infringing the '768 Patent.

22. Defendant's infringement of the '768 Patent is willful because Defendant continues to use, induce the use, and/or contribute to the use of products in a manner that

infringes the '768 Patent despite knowledge of the '768 Patent and knowledge that its actions constitute infringement of the '768 Patent.

23. Defendant's acts of infringement have caused and will continue to cause substantial and irreparable harm to OMG for which there is no adequate remedy at law, unless enjoined by this Court.

24. As a result of the infringement of the '768 Patent by Defendant, OMG has been damaged by Defendant's conduct. OMG is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pleaded but that will be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, OMG prays for entry of judgment against Defendant as follows:

A. That Defendant has, directly, contributorily, and/or by inducement of others, infringed one or more claims of the U.S. Patent 7,367,768 under 35 U.S.C. § 271(a)–(c);

B. That Defendant provide to OMG an accounting of all gains, profits and advantages derived by Defendant's infringement of the '768 Patent, and that OMG be awarded damages adequate to compensate it for the wrongful infringement by Defendant, in accordance with 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C. That OMG be awarded enhanced damages based on Defendant's willful infringement of the '768 Patent;

D. That OMG be awarded any other supplemental damages and interest on all damages, including, but not limited to attorneys' fees available under 35 U.S.C. § 285;

E. That the Court permanently enjoin Defendant and all those in privity therewith from making, having made, selling, offering for sale, distributing and/or using products that

infringe any claim of the '768 Patent, and from contributorily infringing any claim of the '768 Patent, and from actively inducing others to infringe any claim of the '768 Patent; and

F.     That OMG be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), OMG hereby demands a trial by jury on all issues triable to a jury.

Dated: February 13, 2015

                                Respectfully submitted,

                                OMG, INC.

                                By its attorneys,

                                */s/ Patrick T. Clendenen*

Patrick T. Clendenen (BBO# 564165)
Nelson Mullins Riley & Scarborough, LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
Telephone: (617) 573-4700
Facsimile: (617) 573-4710
*Of Counsel:*

Mark C. Dukes (S.C. Bar No. 5158)
Lloyd G. Farr (S.C. Bar No. 5944)
Jennifer L. Mallory (S.C. Bar No. 7435)
Robert H. McWilliams, Jr. (S.C. Bar. No. 100696)
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, Suite 1700
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500